[Civ. No. 1097. Second Appellate District.—June 10, 1912.]

EARL D. GRAY, Respondent, v. A. O. BONNELL, Respondent; J. P. MAGNEY, Intervenor, Appellant.

CORPORATIONS—SALES OF STOCK BY AGENTS—AGREED SHARES OF STOCK— FULFILLMENT OF CONTRACT—FINDINGS—ESTOPPEL TO CLAIM RESCISSION.—Where the intervenor appellant entered into a contract with the plaintiff and defendant respondents to employ them as agents to promote sales of stock in a corporation organized to promote an invention of the intervenor, which they successfully did, for which he agreed to give them one hundred thousand shares of stock held in escrow, and the question whether they had fulfilled their agreement was determined affirmatively by the trial court in its findings, based upon sufficient evidence, and it appearing that the appellant was estopped by his conduct from claiming that the contract was not fulfilled, he is not entitled to claim a rescission thereof on that alleged ground, in an action to enforce delivery by plaintiff of the one-half of the shares owned by him.

ID.—DELIVERY OF SHARES TO CO-OWNER—NEW ESCROW FOR FURTHER CONSIDERATION FOR LIMITED PERIOD—PLAINTIFF NOT BOUND.—Where the intervenor delivered the one hundred thousand shares to the plaintiff's co-owner, who, in consideration of additional shares to be paid, consented to a further escrow of the one hundred thousand shares for a limited period, which was then to be delivered at all events, the plaintiff is not bound by such further escrow, though the intervenor is estopped thereby to claim any rescission of the one hundred thousand shares so delivered, and the plaintiff is entitled,

when not claiming any share of the further consideration, to enforce immediate delivery of his share of said stock.

ID.—CLAIM OF PARTNERSHIP OF AGENTS—FULL SETTLEMENT—EACH ENTITLED TO ONE-HALF OF STOCK.—Where the intervenor claimed that the plaintiff was bound by the second escrow agreement as a copartner, it is held that all claims of such partnership had been fully settled, and it was agreed between them that each should own one-half of the shares of stock earned, and the plaintiff was entitled in his own right, therefore, to have one-half of the stock delivered to him.

ID.—INTERVENOR NOT ENTITLED TO OBJECT THAT THE JUDGMENT IS INEFFECTUAL AS TO OTHER PARTIES.—It is held that the intervenor is not entitled to complain that the judgment for the plaintiff is ineffectual or imperfect in its relation to other parties. It is sufficient that the judgment as to him is in plain terms and sufficiently explicit to enable plaintiff to exact performance from him thereunder.

APPEAL from a judgment of the Superior Court of Los Angeles County. W. R. Hervey, Judge.

The facts are stated in the opinion of the court.

Geo. Beebe, for Intervenor, Appellant.

Cryer & Tuttle, for Plaintiff, Respondent.

J. N. O. Rech, for Defendant, Respondent.

JAMES, J.—On the seventh day of May, 1908, the intervenor, who is the only appellant herein, entered into a contract with plaintiff and defendant Bonnell, the design of intervenor being to obtain the services of Gray and Bonnell in the promotion of a corporation which was to be organized for the purpose of placing on the market a spring tire for use on automobiles and other vehicles, of which intervenor was the inventor. The written agreement, after providing for the organization of the corporation, set forth terms under which Gray and Bonnell were to take charge of the selling of the shares of the capital stock of that corporation as fiscal agents thereof, and fixed their compensation at fifty per cent of the amount to be received from such sales. As additional compensation to be received by Gray and Bonnell, the written agreement signed by the three parties to this action provided that

four hundred thousand shares of stock, which were to be issued to Magney, should be placed in escrow until January 1, 1909, "or until such time as that the said company shall, through the sale of stock by parties of the second part (Gray and Bonnell) or through the conducting of its business, be on a good financial basis," and that Magney would transfer and assign one hundred thousand shares of such stock to Gray and Bonnell when the term of the escrow had expired. The corporation was duly organized and Gray and Bonnell entered upon the work of making sales of its stock and did sell a large number of its shares. In December, 1908, Bonnell made a written demand upon Magney, which recited the substance of the agreement respecting the delivery of the one hundred thousand shares of stock to Bonnell and Gray, and demanded that Magney comply with that agreement. Magney objected to releasing the stock from the escrow, but finally did deliver it to Bonnell and entered into another agreement with Bonnell, whereby Bonnell on his own part, and also on the part of plaintiff Gray, agreed, in consideration that Magney would deliver fifty shares of stock in addition to the one hundred thousand, that the one hundred thousand shares of stock might remain in escrow for a further period of time and until the first day of September, 1909. Gray was not a party to this agreement, and at the time it was made there were no unsettled accounts between himself and Bonnell, except that pertaining to this block of one hundred thousand shares of stock of which each was entitled to receive one-half. Gray objected to this latter escrow agreement and demanded of Bonnell that he deliver him the stock which he had received, and upon that demand being met with a refusal, brought this action against Bonnell and the Spring Tire Company to obtain the stock to which he was entitled. This action was commenced on the twentieth day of August, 1909. The Spring Tire Company made appearance, and, upon its application, the action was dismissed as to it, and Magney was allowed to file a complaint in intervention. In this complaint he alleged that Bonnell and Gray had failed to fulfill the obligations of the first contract made with them and sought to enforce rescission thereof. On his behalf it was also claimed that the contract made with Bonnell, requiring that the one hundred thousand shares of stock be held in escrow until the first day of September, 1909,

was binding upon Gray, notwithstanding that he had not signed it, this claim being made under intervenor's theory that Gray and Bonnell were copartners and that the act of one was binding upon the other. All of the issues were found in favor of plaintiff, and the intervenor appealed from the judgment.

In our opinion, there is little merit in any of the contentions advanced on behalf of appellant. The question as to whether or not Gray and Bonnell had fulfilled the obligations of their contract in making sales of stock of the Spring Tire Company was determined affirmatively by the trial court in its findings, which were based upon sufficient evidence. Moreover, it seems clearly to appear that Magney estopped himself from contending that there was a lack of performance on the part of Gray and Bonnell when he issued the stock and made the new arrangement with Bonnell to have it held further in escrow. This second arrangement was based upon an entirely new and different consideration, to wit, that fifty shares of stock should be paid to Bonnell and Gray. In this second agreement, which was reduced to writing, there was no mention of any other consideration than the delivery of the fifty shares of stock, and it was provided that all of the escrow stock should be held only until the first day of September, 1909. So that it then appears that when Bonnell demanded of Magney that he deliver the one hundred thousand shares of stock which was to be paid to Gray and Bonnell as part consideration for their efforts in making sales of the capital stock of the Spring Tire Company, Magney complied with that demand, but attempted, by the making of a new agreement based upon a new consideration, to cause the stock to be held in escrow for an additional definite time, at the expiration of which it was to be issued at all events. Under these facts no ground for rescission, attempted to be made long after this second alleged agreement was entered into, is shown. It may be noted also that the court found, and the evidence sustains the finding, that Magney was cognizant of the methods employed by Gray and Bonnell and of the quantity of stock which they had effected a sale of at the time the one hundred thousand shares of stock was attempted to be escrowed under the second agreement. It was made clear by the evidence that, in so far as the dealings between Bonnell and Gray had partaken of the nature of partnership affairs, all of these

matters had been adjusted and no partnership accounts remained unsettled between the parties. The proportion which each was to receive of this one hundred thousand shares of stock, to wit, one-half each, had been determined upon, and the plaintiff was entitled, in his own right, to have that stock delivered to him. The agreement whereby Bonnell attempted to bind Gray, which required that the stock so issued be held further in escrow, was without effect upon the latter, because he had given no consent thereto and he made no claim, so far as appears in this action, to any part of the fifty shares of stock agreed by Magney to be delivered as a consideration of the second escrow agreement. Some argument is made by the intervenor that the judgment is ineffectual as to the Spring Tire Company and not perfect in other respects as affecting the other parties to the action, but of such deficiency or imperfection he is not entitled to complain. The judgment as to him is in plain terms and sufficiently explicit to enable plaintiff to exact performance thereunder.

The judgment is affirmed.

Allen, P. J., and Shaw, J., concurred.